AKRON BAR ASSOCIATION *v.* BODNAR.

[Cite as *Akron Bar Assn. v. Bodnar* (2000), 90 Ohio St.3d 399.]

(No. 00–1098—Submitted August 22, 2000—Decided December 13, 2000.)

*David Friedman* and *Stephen A. Fallis,* for relator.

***Per Curiam.*** We adopt the findings, conclusions, and recommendation of the board. Respondent is hereby permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

LUNDBERG STRATTON, J., dissents.

COOK, J., not participating.

LUNDBERG STRATTON, **J., dissenting.** I respectfully dissent. Respondent's charges relate to the failure to repay a loan he improperly collateralized. No one seems to dispute that respondent did own stock in QuickStart Technologies, Inc. Therefore, there is no evidence that he was deceitful regarding his ownership of the stock. Moreover, there appears to be no allegation that he initially secured the loan intending not to repay it.

Defaults in personal matters are not usually cause for disbarment. However, I believe that the combination of respondent's misrepresentation of his ability to pledge stock as collateral, his prior disciplinary matter, his behavior subsequent to the default, and his failure to respond to this complaint warrant further disciplinary action. But I do not believe that disbarment is the appropriate sanction.

Therefore, I would indefinitely suspend respondent with reinstatement conditioned upon full repayment of the loan.