[This opinion has been published in *Ohio Official Reports* at 90 Ohio St.3d 399.]

AKRON BAR ASSOCIATION *v*. BODNAR.

[Cite as *Akron Bar Assn. v. Bodnar*, 2000-Ohio-97.]

*Attorneys at law—Misconduct—Permanent disbarment—Engaging in illegal conduct involving moral turpitude—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Engaging in conduct prejudicial to the administration of justice—Engaging in conduct adversely reflecting on fitness to practice law—Failing to cooperate in an investigation of a complaint—Previous stayed six-month suspension.*

(No. 00-1098—Submitted August 22, 2000—Decided December 13, 2000.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 99-41.

_____

{¶ 1} On August 9, 1999, relator, Akron Bar Association, filed a complaint against respondent, Andrew P. Bodnar, Jr. of Akron, Ohio, Attorney Registration No. 0032329, for allegedly violating DR 1-102(A)(3) (engaging in illegal conduct involving moral turpitude), 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (engaging in conduct that is prejudicial to the administration of justice), 1-102(A)(6) (engaging in any other conduct that adversely reflects on the lawyer's fitness to practice law), and Gov.Bar R. V(4)(G) (duty to cooperate in an investigation of a complaint). Respondent was served with the complaint on August 14, 1999. When he failed to answer, relator filed a motion for default judgment.

{¶ 2} A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") found that in October 1997, Alfred and Shirley Paul advanced $50,000 to respondent in exchange for a thirty-day promissory note with a fifteen-percent return. Respondent claimed to secure the note with shares of

QuickStart Technologies, Inc., a California Corporation; however, respondent did not have the authority to use whatever interest he had in that company as collateral for the promissory note. The note was not paid when due and the Pauls expressed concern to respondent, demanding payment. Respondent, however, made only one payment of $10,000 to the Pauls.

{¶ 3} The panel concluded that respondent's actions violated DR 1-102(A)(3), 1-102(A)(4), 1-102(A)(5), and 1-102(A)(6), and Gov.Bar R. V(4)(G). The panel also noted that we previously disciplined respondent in *Akron Bar Assn. v. Bodnar* (1999), 84 Ohio St.3d 372, 704 N.E.2d 236, for violation of DR 6-101(A)(1) (a lawyer shall not handle a matter which he knows, or should know, he is not competent to handle) and 6-101(A)(3) (a lawyer shall not neglect a legal matter entrusted to him). In that case, we suspended respondent from the practice of law for six months with the entire six-month suspension stayed. In light of this prior violation and the absence of any mitigating circumstances, the panel recommended permanent disbarment. The board adopted the findings, conclusions, and recommendation of the panel.

———————————

*David Friedman* and *Stephen A. Fallis,* for relator.

———————————

***Per Curiam.***

{¶ 4} We adopt the findings, conclusions, and recommendation of the board. Respondent is hereby permanently disbarred from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

LUNDBERG STRATTON, J., dissents.

COOK, J., not participating.

———————————

**LUNDBERG STRATTON, J., dissenting.**

{¶ 5} I respectfully dissent. Respondent's charges relate to the failure to repay a loan he improperly collateralized. No one seems to dispute that respondent did own stock in QuickStart Technologies, Inc. Therefore, there is no evidence that he was deceitful regarding his ownership of the stock. Moreover, there appears to be no allegation that he initially secured the loan intending not to repay it.

{¶ 6} Defaults in personal matters are not usually cause for disbarment. However, I believe that the combination of respondent's misrepresentation of his ability to pledge stock as collateral, his prior disciplinary matter, his behavior subsequent to the default, and his failure to respond to this complaint warrant further disciplinary action. But I do not believe that disbarment is the appropriate sanction.

{¶ 7} Therefore, I would indefinitely suspend respondent with reinstatement conditioned upon full repayment of the loan.

_____